UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LARRY G. ACREY,<br><br>     Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Commissioner,<br>Social Security Administration,<br><br>     Defendant. | ) EDCV 13-01485-SH<br>)<br>) MEMORANDUM DECISION<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their

1

pleadings. The plaintiff has also filed a Brief[1], and the defendant has filed an Opposition Brief as well as the certified Administrative Record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## I. BACKGROUND

The plaintiff Larry G. Acrey has filed an application for Disability Insurance Benefits under Title II of the Social Security Act. (See Administrative Record ["AR"] 151-57). The Commissioner denied his application. (See AR 76-79). A hearing on the claim was conducted on March 23, 2012. (See AR 36-71). On April 4, 2012, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (See AR 20-31). Upon Mr. Acrey's request to review the ALJ's decision, the Appeals Council denied review on June 26, 2013. (See AR 1-4).

Plaintiff makes three challenges to the ALJ's Decision. He challenges the ALJ's findings about the improper (1) weight given to examining neurologist Dr. Richard Gluckman, (2) evaluation of plaintiff's credibility, and (3) reliance on vocational expert's testimony. Because this Court finds the ALJ did not properly review Dr. Gluckman's opinion, it is unnecessary to address the propriety of the ALJ's review of the remaining two issues.

## II. DISCUSSION

Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) held in relevant part:

> The ALJ is responsible for resolving conflicts in the medical record. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir.2003). Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. Lester, 81 F.3d at 830[2]; 20 C.F.R. §§ 404.1527(d), 416.927(d). As such, the ALJ may only reject a treating or examining

---

[1] Amended Brief

[2] Lester v. Chater, 81 F.3d 821 (9th Cir.1996).

physician's uncontradicted medical opinion based on "clear and convincing reasons." Lester, 81 F.3d at 830–31. Where such an opinion is contradicted, however, it may be rejected for "***specific and legitimate reasons*** that are supported by substantial evidence in the record." Id.

(emphasis added)

Dr. Richard Gluckman is an examining physician and performed a Neurological Evaluation of Mr. Acrey. The ALJ's findings concerning Dr. Gluckman's evaluation are in relevant part but substantially excerpted below:

> The claimant alleged significant fatigue, decreased strength in his arms and legs, memory problems, a burning sensation in his feet, balance issues and a limp. … Physical examination of the claimant revealed grossly intact cranial nerves and some give-way weakness of some distal muscles, although it was noted that it was not clear whether there was true weakness. … The claimant had hyperesthesia to his elbows and from his feet to his knees. There was evidence of glove and stocking neuropathy. … The claimant had decreased heel to shin testing with left greater than right, a slight decrease in tandem gait and increased tone in the lower extremities. Dr. Gluckman opined the claimant could sit for two to three hours and could stand or walk for less than one hour out of an eight-hour workday. He opined the claimant would have to get up and move around every ten to twenty minutes. Dr. Gluckman opined the claimant was incapable of working eight hours a day in his previous activities and was *completely disabled.* He opined the claimant constantly experienced pain, fatigue, or other symptoms sever enough to interfere with attention and concentration and the claimant was incapable of tolerating even low work stress. … Dr. Gluckman opined the claimant could lift and/or carry less than twenty pounds occasionally and five pounds frequently and would be absent more than three times a month due to his impairments. … He opined the claimant could not perform postural activities and could not work around heights.

(See AR 27-28) (emphasis added).

The ALJ gave Dr. Gluckman's opinion "little weight" and gave the following reasons:

> Although Dr. Gluckman personally observed and examined the claimant, the functional limitations he assessed are *inconsistent with the claimant's record as a whole.* Additionally, his statement that the claimant was completely disabled has *no probative value*. As an opinion on an issue reserved to the Commissioner, this statement is not entitled to controlling weight and is not given special significance pursuant to 20 CFR 404.1527(e) and SSR 96-5. The undersigned has included limitations of occasional postural activities, no ladders, ropes or scaffolds and no work around heights, moving machinery or hazards as part of the claimant's residual functional capacity to account for his subjective complaints of pain, numbness and weakness.

(See AR 28) (emphasis added).

Further, Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) held:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He *must set forth his own interpretations and explain* why they … are correct.

(emphasis added)

To merely say that the examining physician Dr. Gluckman's assessments are "inconsistent with the claimant's record as a whole" and characterizing his statement about the claimant ("completely disabled") as having "no probative value" falls well short of the requisite "specific and legitimate reasons" required of the ALJ. The ALJ offers mere conclusions about the little weight given to Dr. Gluckman's assessments without explaining with the requisite specificity why Dr. Gluckman's evaluation was inferior to that of another examining neurologist Dr. Maze as well as the non-examining state agency review physicians. Giving more weight to one examining neurologist over another by proffering mere conclusions without giving specific and legitimate reasons is not sufficient by the ALJ. As defendant correctly points out, Dr. Gluckman's opinion is not entitled to controlling weight and nor a special significance. But what Dr. Gluckman's opinion is entitled to is specific and legitimate reasons when it is being rejected or given significantly little weight.

Moreover, to say that the ALJ has given the requisite weight to Dr. Gluckman's opinion by using some of his assessments[3] to account for the claimant's subjective complaints of pain, numbness and weakness is not sufficient for the purposes of "specific and legitimate reasons" why the detailed opinion and conclusions of Dr. Gluckman were rejected.

---

[3] e.g., limitations of occasional postural activities, no ladders, ropes or scaffolds and no work around heights, moving machinery or hazards as part of the claimant's residual functional capacity.

Therefore, the court finds that the ALJ did not properly explain his determination of the weight given to Dr. Gluckman's opinion. By doing so, the court need not and does not decide the remaining two issues raised by plaintiff.

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: April 8, 2014

_____
STEPHEN J. HILLMAN
United States Magistrate Judge